UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH LENIART, : | Civil Action No. 21-9884 (SDW) |
| Plaintiff, : | |
| v. : | REPORT & RECOMMENDATION |
| SPRINGFEILD TOWNSHIP POLICE DEPARTMENT, et al., : | |
| Defendants. : | |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court upon the motion of Plaintiff Joseph Leniart ("Plaintiff") to remand the pending action to Superior Court of New Jersey, Law Division, Union County [ECF No. 3]. Defendant Township of Springfield, improperly pled as Springfield Township Police Department, ("Defendant") opposes this motion [ECF No. 5]. Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Susan D. Wigenton, U.S.D.J., referred the Motion to the Undersigned for Report and Recommendation. Having considered the parties' written submissions, for good cause shown, and for the reasons set forth herein, the Court respectfully recommends that Plaintiff's motion to remand [ECF No. 3] be **GRANTED**.

   I.   BACKGROUND

On March 3, 2021, Plaintiff filed a Complaint in the New Jersey Superior Court, Law Division, Union County asserting claims under the New Jersey Law Against Discrimination ("LAD"), New Jersey Soldiers' and Sailors' Civil Relief Act ("SSCRA") and Uniformed Services Employment and Re-Employment Rights Act ("USERRA") against Defendant for its alleged discrimination based on military membership. *See* ECF No. 1, Ex. A.

1

Defendant filed a Notice of Removal ("Notice") on April 22, 2021 pursuant to 28 U.S.C. § 1441 asserting this Court has original jurisdiction over this action under 28 U.S.C. § 1331. ECF No. 1, ¶¶ 7-8. The Notice states that it was filed thirty-five days after the service of the Complaint upon Defendant. *Id.*, ¶ 9. On May 20, 2021, Plaintiff filed the pending motion to remand.

## II.     DISCUSSION

An action filed in a state court may be removed to the appropriate federal district court by the defendant if that federal district court would have had original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). To effect removal, the defendant must file a notice of removal, "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon defendant or defendants in such action." 28 U.S.C. § 1446(a). Pursuant to Section 1446(b), a defendant seeking to remove an action from state court must file a notice of removal with the district court "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

If the removal procedure was defective, however, the action may be remanded to state court under 28 U.S.C. § 1447(c). Section 1447(c) states, in relevant part, that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." The failure to move to remand within thirty days results in a waiver of the objection of any procedural defects in the notice of removal. *Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010). A district court exceeds its statutorily defined power if it remands for procedural defects after the thirty-day limit imposed by Section 1447(c). *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 613 (3d Cir. 2003).

Plaintiff alleges that removal was procedurally defective because it was untimely. Plaintiff claims that Defendant's thirty-day period for seeking removal began on March 11, 2021, when Defendant was served with Plaintiff's Complaint, and Defendant's Notice was not filed until forty-two days after service. ECF No. 3 at p. 2.

Defendant does not contest that it filed its Notice beyond the thirty-day period for removal. Indeed, Defendant acknowledges the untimeliness of its Notice within the Notice itself (stating that the Notice was not filed until thirty-five days after service). ECF No. 1, ¶ 9. Defendant, however, appears to argue that because federal question jurisdiction exists in this matter, its procedural failure to file for removal within the thirty day limit set by Section 1446(b) should not affect this Court's retention of this matter. ECF No. 5 at pp. 2-3.

"The 30–day time limit is a procedural bar to removal, independent of any jurisdictional question." *Wells Fargo Bank, N.A. v. Moore*, No. 17-3541, 2017 WL 4180116, at *2 (D.N.J. Sept. 20, 2017) (citing *Farina*, 625 F.3d 97 at 114). Plaintiff timely moved to remand based on a procedural defect. It is undisputed that the Notice is untimely. Accordingly, removal was obviously improper independent of any jurisdictional question. It is therefore recommended that the motion to remand be granted pursuant to 28 U.S.C. § 1447.

### III.   CONCLUSION

In light of the foregoing, and the Court having considered this matter pursuant to Fed. R. Civ. P. 78;

**IT IS** on this 28th day of June, 2021,

**RECOMMENDED** that Plaintiff's motion to remand [ECF No. 3] be **GRANTED**; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation.

    s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**